UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ASSIST INC., | ) | |
| DIANNA M. WILLIAMS Individually, and as | ) | |
| President and sole owner of Assist, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2:16-cv-00271-JMS-DKL |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF INDIANA, | ) | |
| INDIANA FAMILY AND SOCIAL | ) | |
| SERVICES ADMINISTRATION, | ) | |
| DIVISION OF DISABILITY AND | ) | |
| REHABILITATIVE SERVICES, | ) | |
| BUREAU OF REHABILITATIVE | ) | |
| SERVICES, | ) | |
| VOCATIONAL REHABILITATIVE | ) | |
| SERVICES, | ) | |
| MAJDI  EL-ALAMI individually and as Area | ) | |
| 17 Supervisor for Vocational Rehabilitative | ) | |
| Services, | ) | |
| JEFFREY  RUSSELL individually and as the | ) | |
| Director of Operations for the Bureau of | ) | |
| Rehabilitative Services, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER GRANTING MOTION TO DISMISS</u>

Plaintiffs Assist, Inc. ("<u>Assist</u>") and Dianna M. Williams (collectively, "<u>Plaintiffs</u>") bring various claims against the Defendants pursuant to 42 U.S.C. § 1983 because of a decline in the number of referrals Assist has received through the state-run Indiana Vocational Rehabilitation Services program.  [<u>Filing No. 1</u>.]  Presently pending before the Court is Defendant Majdi El-Alami's Motion to Dismiss the equal protection claim Plaintiffs assert against him pursuant to § 1983.  [<u>Filing No. 8</u>.]  For the reasons stated herein, the Court grants Mr. El-Alami's Motion to Dismiss.  [<u>Filing No. 8</u>.]

1

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### RELEVANT BACKGROUND

The relevant background is set forth from the allegations of Plaintiffs' Complaint, which the Court must accept as true pursuant to the applicable standard of review at this stage of the proceedings.

Indiana Vocational Rehabilitation Services ("IVRS") is a state-run program intended to help eligible individuals with disabilities find employment at no charge to the disabled individual.

[Filing No. 2 at 4.]  Once IVRS receives an application from an individual alleging a disability, an assessment is made and IVRS develops an Individualized Plan for Employment ("IPE") if the individual is eligible.  [Filing No. 2 at 4.]  Part of the IPE advises the individual of local service providers that are in the business of locating potential employers.  [Filing No. 2 at 4.]  The individual is provided with a "Pick List" from which to choose an employment provider.  [Filing No. 2-2.]  In relevant part, the Pick List provides the following information about choosing a provider:

> We encourage you to contact each of the providers on this list. You can call them, set up a meeting, or send an email. Tell them you are a VR client and you would like to talk with them about the services they offer. Take notes so you can compare providers and choose the one that's right for you. It's important to select the provider you feel most comfortable working with and the one that you think can best help you meet your goals.
>
> Once you've chosen an employment provider, tell your VR counselor. She/he will get things started for you.

[Filing No. 2-2 at 2.]

Ms. Williams is the President and sole shareholder of Assist.  [Filing No. 2 at 3.]  Assist is located in Terre Haute, which is in Vigo County.  [Filing No. 2 at 3.]  Assist has operated as a for-profit corporation since 1991, and its stated mission is to obtain and maintain employment for the physically and emotionally disabled.  [Filing No. 2 at 3.]  Assist is the first provider listed on the Vigo County Pick List that IVRS provides.  [Filing No. 2-2 at 3.]  If an eligible individual selects Assist as the service provider, Assist helps that individual obtain and maintain employment and submits its time to IVRS for compensation.  [Filing No. 2 at 4.]

Mr. El-Alami is a state employee who manages IVRS' Terre Haute office, which is also known as Area 17.  [Filing No 2. at 3.]  Assist has received the following number of referrals from the Terre Haute IVRS office:

- October 4, 2010 to December 21, 2010:  5 referrals

- 2011:  44 referrals

- January 1, 2012 to June 30, 2012:  26 referrals

- July 1, 2012 to December 31, 2012:  4 referrals

- January 1, 2013 to June 30, 2013:  6 referrals

- July 1, 2013 to December 31, 2013:  11 referrals

- January 1, 2014 to May 14, 2014:  12 referrals

- May 15, 2014 to December 31, 2014:  0 referrals

- January 1, 2015 to July 14, 2015:  0 referrals

- July 15, 2015:  3 referrals[1]

- July 16, 2015 to February 16, 2016:  1 referral

- February 16, 2016 to June 1, 2016:  2 referrals

[Filing No. 2 at 5-6.]

Plaintiffs have complained to Mr. El-Alami about the declining number of referrals.  [Filing No. 2 at 6.]  In October 2015, Plaintiffs met with Jeffrey Russell, the Director of Operations for Defendant Indiana Family and Social Services Administration "regarding the significant down-turn in referrals from the Terre Haute" IVRS office.  [Filing No. 2 at 6.]  Plaintiffs complained to Mr. Russell, "alleging an intentional effort on the part of that office's supervisor, Majdi El-Alami, to discriminate against Plaintiffs . . . ."  [Filing No. 2 at 6; Filing No. 2-3.]  Ms. Williams also sent a follow-up email to Mr. Russell on February 2, 2016, emphasizing as follows:

I repeat, "no referrals."  Indeed, no phone calls and no walk-ins from anyone referencing a referral by the Terre Haute office.  I think it fair to say that you and I

---

[1] Plaintiffs allege that the three referrals received on July 15, 2015 were "each as a result of what your Plaintiff's respectfully asserts was the result of the Defendant, Majdi El-Alami, being under the mistaken belief that a male individual of whom this Defendant 'approved' of was now employed by Assist, Inc."  [Filing No. 2 at 6.]  Plaintiffs do not dispute, however, that those referred individuals "decided to stay with Assist."  [Filing No. 2 at 6.]

4

both know the odds of not receiving so much as one phone call or walk-in from someone working through the Terre Haute office, when our offices are in Terre Haute, are exceedingly small, especially in light of the require[ment] of using the pick list.

[Filing No. 2-3 at 1.]

Another source of clients for Assist is through a grant agreement between the Indiana Department of Correction ("DOC"), the Board of County Commissioners, and the Auditor of Vigo County (the "TANF Grant"). [Filing No. 2 at 5.] The TANF Grant is intended to assist disabled individuals who have been released from the DOC obtain employment. [Filing No. 2 at 5.] It names Assist as the "employment service provider of choice in the Terre Haute, Indiana area." [Filing No. 2 at 5.] Plaintiffs believe that referrals under the TANF Grant should have commenced around October 1, 2015, but Assist had not received any referrals as of June 2016. [Filing No. 2 at 5.] Of the 170 individuals requesting employment services under the TANF Grant, "none of these individuals were even processed by the Terre Haute, Vigo County, [IVRS] office for Area 17." [Filing No. 2 at 7.]

On June 29, 2016, Plaintiffs filed a Complaint against various Defendants, including Mr. El-Alami. [Filing No. 1.] Count I of their Complaint alleges that Mr. El-Alami, as a public employee acting under the color of law, violated 42 U.S.C. § 1983 by failing to refer applicants to Plaintiffs. [Filing No. 2 at 8-9.] Plaintiffs allege that Mr. El-Alami discriminated against Plaintiffs because Ms. Williams is a 70-year-old woman who does not share Mr. El-Alami's religious or ethnic background. [Filing No. 2 at 8-9.] Mr. El-Alami has moved to dismiss Plaintiffs' claim against him. [Filing No. 8.] Plaintiffs oppose that motion, [Filing No. 12], Mr. El-Alami has replied in support of his motion, [Filing No. 13].

**III.**

**DISCUSSION**

Mr. El-Alami argues that the Court should dismiss Plaintiffs' Complaint against him because "it is devoid of facts necessary to state a claim" and is based solely speculation and conclusory allegations. [Filing No. 9.]  Specifically, Mr. El-Alami contends that the alleged facts do not support any logical inference that he intentionally discriminated against Plaintiffs based on Ms. Williams' religion, ethnicity, or age simply because the number of referrals to Assist decreased. [Filing No. 9 at 5-8.]  Mr. El-Alami also points out that IVRS is not a party to the TANF Grant. [Filing No. 9 at 5.]

In response, Plaintiffs argue that the allegations in the Complaint plausibly give rise to the inference that Mr. El-Alami discriminated against Plaintiffs because Ms. Williams' religion, sex, and age differed from that of Mr. El-Alami. [Filing No. 12 at 3.]  Plaintiffs emphasize the consistent decline in referrals. [Filing No. 12 at 4.]  They also emphasize that they are the choice provider listed in the TANF Grant but that they have received no referrals through it. [Filing No. 12 at 4.]

On reply, Mr. El-Alami emphasizes that eligible IVRS consumers select service providers from the Pick List, not Mr. El-Alami. [Filing No. 13 at 2-3.]  Mr. El-Alami further argues that Plaintiffs did not plead facts that show Mr. El-Alami's personal participation in selecting service providers and do not show that anyone similarly situated received better treatment. [Filing No. 13 at 6.]  Regarding the TANF Grant, Mr. El-Alami points out the Plaintiffs' concession that none of the individuals were processed by Mr. El-Alami's office in Terre Haute. [Filing No. 2 at 7.]

42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

6

Constitution and laws, shall be liable to the party injured in an action at law . . . ."  The statute is not an independent source of liability but, instead, is "a means of vindicating rights secured elsewhere."  *Narducci v. Moore*, 572 F.3d 313, 319 (7th Cir. 2009).  To state a § 1983 claim, a plaintiff must allege that it was (1) deprived of a federal right, privilege, or immunity (2) by any person acting under color of state law.  *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005).

A corporation may bring a § 1983 claim on its own behalf.  *Discovery House, Inc. v. Consol. City of Indianapolis*, 319 F.3d 277, 282 (7th Cir. 2003).  "To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that [it] is a member of a protected class, that [it] is otherwise similarly situated to members of the unprotected class, and that [it] was treated differently from members of the unprotected class."  *Brown*, 398 F.3d at 916.  It is the plaintiff's "burden to eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification."  *Black Earth Meat Mkt., LLC v. Vill. of Black Earth*, 834 F.3d 841, 851 (7th Cir. 2016).  To do so, it must "plausibly allege discriminatory intent."  *Sung Park v. Indiana Univ. Sch. of Dentistry*, 692 F.3d 828, 832-33 (7th Cir. 2012).  Conclusory statements regarding discriminatory intent are the type of "unsupported legal conclusion[s]" that are insufficient to survive a motion to dismiss.  *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell v. Twombly*, 550 U.S. 544, 556-57 (2007)).

The parties do not dispute that Mr. El-Alami was acting under the color of state law during the relevant time period.  But that alone is not enough.  To properly state their claim, Plaintiffs must plausibly allege discriminatory intent by Mr. El-Alami against them.  Plaintiffs' Complaint fails to do this because it exclusively relies on the decrease in referrals through the IVRS program and then concludes that this decrease must be the result of alleged discrimination by Mr. El-Alami because Assist's owner is a 70-year-old woman who does not share Mr. El-Alami's religion or

ethnic background. [Filing No. 2 at 8-9.] It is undisputed, however, that Assist is the first entity listed on the Vigo County Pick List, and the Pick List encourages the consumers "to contact each of the providers on this list." [Filing No. 2-2 at 2-3.] Ultimately, each consumer picks his or her service provider. [Filing No. 2-2 at 2-3.] Plaintiff's Complaint asserts as much. [Filing No. 2 at 4.] Thus, Plaintiffs' conclusory allegations of discrimination without more do not plausibly allege discriminatory intent. *Park*, 692 F.3d 832-33. Plaintiffs' allegations surrounding the TANF Grant do not change that conclusion because they relate to applicants, not individuals deemed eligible, and Plaintiffs admit that "none of these individuals were even processed by the Terre Haute, Vigo County, [IVRS] office for Area 17." [Filing No. 2 at 7.] It is not plausible that a lack of referrals from the TANF Grant could be evidence of Mr. El-Alami's alleged discrimination when his office did not process any of those individuals.

In sum, Plaintiffs' exclusive reliance on the decrease of referrals from Mr. El-Alami's IVRS office, without more, is insufficient to plausibly allege discriminatory intent to support an equal protection claim under 42 U.S.C. § 1983. If Plaintiffs had any evidence of discriminatory intent, they could have amended their pleading as a matter of course in response to Mr. El-Alami's Motion to Dismiss to include such allegations. Fed. R. Civ. Pro. 15(a)(1)(B). The Court infers from their choice to instead stand on the conclusory allegations in their original Complaint that such evidence does not exist. Thus, Mr. El-Alami's Motion to Dismiss is granted and Plaintiffs' claim against him is dismissed with prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) (holding that "[w]here it is clear that the defect cannot be corrected so that amendment is futile," leave to amend may be denied).

**IV.**

**CONCLUSION**

For the reasons stated herein, Mr. El-Alami's Motion to Dismiss is **GRANTED**, [Filing No. 8], and Plaintiffs' claim against him is **DISMISSED WITH PREJUDICE**.   No final judgment shall issue at this time.

Date: 11/22/2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

George Arno Lohmeier
ALLEN WELLMAN MCNEW HARVEY LLP
gal@awmh.net

Sara Teresa Martin
INDIANA ATTORNEY GENERAL
sara.martin@atg.in.gov